**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000922
09-JUN-2022
07:53 AM
Dkt. 62 SO**

NO. CAAP-18-0000922

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEUTSCHE BANK NATIONAL TRUST COMPANY AS
TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC.
TRUST 2006-NC4, Plaintiff-Appellee,
v.
BLAINE T. YATA, Defendant-Appellant,
and
BROOKE J.C. RIOPTA; AMBER M. RIOPTA; CASIE A. RIOPTA,
COUNTY OF KAUAI WASTEWATER MANAGEMENT; AND
DOES 1-20, inclusive, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 14-1-0185)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Blaine T. Yata (**Yata**) appeals from the November 1, 2018 Order Denying [Yata's] Motion for Rehearing and/or Reconsideration of this Court's Decision Granting Plaintiff's Motion for Summary Judgment as Against all Defendants and for Interlocutory Decree of Foreclosure (**Order Denying Reconsideration**) (quotation marks deleted) entered by the

Circuit Court of the Fifth Circuit (**Circuit Court**).[1] Yata also challenges the Circuit Court's Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**), and Judgment, both entered on July 19, 2018.

Yata raises a single point of error on appeal, contending that Plaintiff-Appellee Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-NC4 (**Deutsche Bank**) failed to establish its standing to foreclose against Yata, and therefore, the Circuit Court erred in entering the Order Denying Reconsideration, as well as the Foreclosure Decree and Judgment.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Yata's point of error as follows:

On April 17, 2018, Deutsche Bank filed Plaintiff's Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure, along with a supporting memorandum, declaration and exhibits (**Motion for Summary Judgment**); a hearing was set for May 24, 2018. At the May 24, 2018 hearing, counsel for Yata appeared and requested a

---

[1] The Honorable Randal G.B. Valenciano presided.

continuance to file an opposition, which was granted. Despite the continuance, no opposition (or any form of objection) in response to the Motion for Summary Judgment was filed. Neither Yata nor his counsel appeared at the continued hearing on the Motion for Summary Judgment, which was held on June 26, 2018. Accordingly, to the extent that Yata contends – based on hearsay objections that were not raised in response to the Motion for Summary Judgment – that the Circuit Court erred in entering the Foreclosure Decree and Judgment, Yata's arguments are without merit. See generally Price v. AIG Haw. Ins. Co., Inc., 107 Hawaiʻi 106, 111, 111 P.3d 1, 6 (2005) (failure to raise evidentiary objections to affidavits and exhibits in support of summary judgment can result in waiver of such objections).

The Circuit Court considered the issue of standing – *i.e.*, whether Deutsche Bank established that it had possession of the subject note (**Note**) at the time of the filing of the complaint – in conjunction with [Yata's] Motion for Rehearing and/or Reconsideration of this Court's Decision Granting [Deutsche Bank's] Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure (**Motion for Reconsideration**) (quotation marks omitted) filed on July 3, 2018.

Yata challenges the Circuit Court's Order Denying Reconsideration, arguing that Deutsche Bank offered no admissible evidence that it possessed the Note at the time it filed the

3

complaint herein, as required under <u>Bank of Am. v. Reyes-Toledo</u>, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), and the Hawaiʻi Supreme Court cases that followed <u>Reyes-Toledo</u>.

As discussed in <u>U.S. Bank Tr., N.A. v. Verhagen</u>, 149 Hawaiʻi 315, 325, 489 P.3d 419, 429 (2021), the "[t]estimony of a witness with personal knowledge of a document may establish the foundation necessary" to satisfy the authentication requirements of Hawaii Rules of Evidence (**HRE**) Rule 901.  In <u>Verhagen</u>, the supreme court further explained:

> [R]ecords received from another business and incorporated into the receiving business' records may in some circumstances be regarded as created by the receiving business.  [Thus,] when a record is treated as created by the receiving business, a person is qualified to authenticate it if the person has enough familiarity with the record-keeping system of the business that created the record, *i.e.*, the receiving or incorporating business. Accordingly, a person may be qualified to authenticate an incorporated record even if the person lacks familiarity with the records or record-keeping practices of the entity that actually created the record.

<u>Id.</u> at 325, 489 P.3d at 429 (cleaned up).

The supreme court pointed to the importance of considering whether records created by the other business were incorporated into the loan servicer's own records and were not merely in the servicer's custody, in particular where there is testimony from the servicer's custodian or witness qualified to testify about its records that:  the servicer incorporated and kept the documents in the normal course of business; the servicer typically relies upon the accuracy of the contents of the documents; and the circumstances otherwise indicate the

4

trustworthiness of the documents.  Id. at 326, 489 P.3d at 430 (citation omitted).

Here, with the Motion for Summary Judgment, Deutsche Bank submitted, *inter alia*, a declaration of Matthew Mountes (**Mountes**), Second Assistant Vice President of Specialized Loan Servicing LLC (**SLS**), loan servicer for Deutsche Bank; and in conjunction with its response to the Motion for Reconsideration, Deutsche Bank submitted, *inter alia*, a declaration of Mark McCloskey (**McCloskey**), Assistant Vice President of SLS, both attesting to their personal review and knowledge of SLS's records, including incorporated records.  With careful consideration of the supreme court's directives in Verhagen, and upon review of the evidence presented by Deutsche Bank, we conclude that Mountes and McCloskey were qualified witnesses with personal knowledge of SLS's procedures for creating its records, including its procedures for incorporation of records of other businesses into SLS's records, and SLS's reliance on those records and maintenance of those records in the course of its regularly-conducted business activities, after a pre-incorporation process of quality control and verification procedures.  Although indicia of trustworthiness are not profuse, we conclude that the record provides sufficient indicia of trustworthiness, including with respect to the evidence that the Note was in the possession of Deutsche Bank, through its custodian Deutsche Bank National Trust Company, at the time the

5

foreclosure complaint was filed. Thus, we conclude that the Circuit Court did not err or abuse its discretion in denying the Motion for Reconsideration and rejecting Yata's argument that Deutsche Bank did not have standing to foreclose on the subject property.

For these reasons, the Circuit Court's November 1, 2018 Order Denying Reconsideration and its July 19, 2018 Foreclosure Decree and Judgment are affirmed.

DATED: Honolulu, Hawai‘i, June 9, 2022.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellant.

Marvin S.C. Dang,
Amy Jackson,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge